UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————x

DATAART ENTERPRISES, INC.                        :         Index No.        JUN 2 7 2007

                                Plaintiff,        :

        -against-

                                                 :         07 CV 6074

ENTERWORKS, INC.

                                                 :         ECF CASE

                                Defendant.                 JUDGE KARAS
                                                           JURY TRIAL DEMANDED

                                                 :

———————————————————x

        Plaintiff DataArt Enterprises, Inc. ("DataArt"), by its attorneys, Lynch Rowin LLP,

for its complaint against defendant Enterworks, Inc. ("Enterworks"), alleges as follows:

                                PARTIES

        1.      DataArt is a New York corporation with its principal place of business in New

York County, New York.

        2.      DataArt develops software for small and medium sized enterprises and

specializes in enterprise application development, systems integration and business

automation tools.

        3.      Enterworks is a corporation organized under the laws of a state other than

New York, with a principal place of business in Ashburn, Virginia.

        4.      Enterworks is a software vendor which develops, markets and supports

enterprise software.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, in that there is diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.    Venue is proper in this district pursuant to 28 U.S.C. §1391 (a) and (c).

## FIRST CLAIM

7.    On or about May 31, 2006 Enterworks acquired Ennovative, Inc. ("Ennovative"), a corporation which developed software for marketing and sales.

8.    Prior to July 24, 2006, DataArt provided software development services on behalf of Ennovative pursuant to a written contract. As a result of the work done on its behalf by DataArt, Ennovative became indebted to DataArt in the amount of $171,227.69.

9.    On July 24, 2006, DataArt and Enterworks entered into a Letter of Understanding ("LOU") pursuant to which Enterworks agreed (a) to pay DataArt the then outstanding balance owed to DataArt by Ennovative in seven monthly installments beginning on July 31, 2006 2007, together with interest on any over due invoices, and (b) that any new invoices were to be paid in full within 30 days from the date of invoice, with late fees and interest payable on overdue invoices.

10.    To date, Enterworks has failed to pay DataArt the final installment of $21,227.69 which was due on January 31, 2007.

11.    In addition, DataArt issued three new invoices to Enterworks totaling $69,470 for additional work done on the Acosta InfoLync/DataSync.NET Migration project ("Acosta project").

12.    Pursuant to the LOU, Enterworks was required to pay DataArt 30 days from the date of invoice. The last invoice on the Acosta project was issued on September 9, 2006.

13.    To date Enterworks has failed to pay any of the invoices rendered on the Acosta project.

14.    In addition, Enterworks has failed to pay any of the late fees and interest due on overdue invoices.

15.    By reasons of the foregoing, Enterworks has breached its contractual obligations to pay DataArt pursuant to the LOU.

16.    By reason of Enterwork's breach, DataArt has been damaged in the amount of $102,852.52.

SECOND CLAIM

17.    Paragraphs 1 through 16 are realleged.

18.    The invoices rendered to Enterworks by DataArt constitute an account stated between DataArt and Enterworks.

19.    By reason of the foregoing, plaintiff is obligated to DataArt in the amount of $102,852.52.

WHEREFORE, DataArt demands judgment in its favor against Enterworks as follows:

A.    On its First and Second Claims, awarding it damages in the amount of $102,852.52., together with late fees and interest;

B.    Awarding it the costs and disbursements of the action, including attorneys' fees; and

C.    Granting it such other relief as is just and proper.

Dated: New York, New York
        June 25, 2007

LYNCH ROWIN LLP

By:    _____
        Marc Rowin (MR 6758)
        630 Third Avenue
        New York, New York 10017
        (212) 682-4001
        Attorneys for Plaintiff DataArt
        Enterprises, Inc.

4